WHITE *v.* NEW YORK CENT. & H. R. R. CO.

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

RAILROAD COMPANIES—INJURIES TO PERSONS ON TRACK.

Plaintiff's intestate, while attempting to cross defendant's railroad tracks from a crowded station platform after the passage of an express train, was killed by a train going in the opposite direction. The place where deceased crossed was sometimes

used, and was the most available crossing when the highway crossing at the end of the station was blocked up by standing trains, as was the case at such time. There was evidence that no bell was sounded nor whistle blown on either train, and that the train by which deceased was killed was 10 minutes late. *Held,* that the question of defendant's negligence should have been submitted to the jury.

Exceptions from circuit court, Westchester county.

Action by Eliza J. White, administratrix, etc., against the New York Central & Hudson River Railroad Company to recover damages for the death of plaintiff's intestate, alleged to have been caused by negligence of defendant. The court dismissed the complaint, and directed that plaintiff's exceptions be heard in the first instance at the general term. Exceptions sustained.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Norman A. Lawlor,* for appellant. *Frank Loomis,* for respondent.

BARNARD, P. J. The evidence shows that the plaintiff's intestate was standing on the platform of the defendant's railroad at Woodlawn, in Westchester county, with milk-cans in his hand. The platform was crowded, and a train on the New Haven road passed south. Immediately after the passage of this train, a train on the New York & Harlem Railroad passed in an opposite direction. The deceased attempted to pass over the track as soon as the New Haven train passed. and was killed by the Pawling express on the Harlem road. There was a regular railroad crossing over a highway at the end of the station, but that was blocked by one of defendant's trains, standing still. Neither of the trains stopped, but went through the station grounds at a high rate of speed. There was proof given tending to show that the bell of the engine was not sounded on either train, nor any whistle blown. The place where White, the deceased, crossed, was one sometimes used, and was the most available when the highway crossing was blocked up. The case was one for the jury. The rate of speed through the village, the crowded station, the blocked highway, the failure to give any warning of the approach of the trains, the fact that the Pawling express train was 10 minutes late, are facts to go to a jury upon the question of the defendant's negligence. The case is not so strong as the case of *Thompson* v. *Railroad Co.,* 110 N. Y. 636, 17 N. E. Rep. 690. The exceptions should be sustained, and a new trial granted, costs to abide event. All concur.